UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAINI M. LUNA,

Plaintiff,

-against-

MARTIN O'Malley, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**REPORT & RECOMMENDATION**

2:24-cv-03663-NJC-ST

**TISCIONE, United States Magistrate Judge:**

Plaintiff, Laini M. Luna ("Plaintiff") won past due benefits from the Commissioner of Social Security ("Commissioner") before an Administrative Law Judge. On January 23, 2025, Plaintiff was awarded $7,607.07 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Plaintiff's Counsel now moves for fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("Act"). The Motion is unopposed. Judge Nusrat J. Choudhury referred the motion to this Court for a Report and Recommendation. For the reasons set forth below, the motion should be GRANTED.

**DISCUSSION**

In no uncertain terms, 42 U.S.C. § 406(b) declares that an award for attorney's fees shall not exceed "25 percent of the total amount of such past-due benefits." *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Here, Plaintiff and their Attorney entered a contingency agreement for 25% of past-due benefits. *See* Retainer Agreement ¶ A, ECF No. 19-1. Plaintiff won a favorable award before an Administrative Law Judge on July 25, 2025. *See* Eddy Pierre Pierre Declaration ¶ 10, ECF No. 19. Plaintiff's Counsel requests $52,807.17 in fees – precisely 25% of Plaintiff's total award. *Id.* ¶ 15. As such, the fee is within the statutory maximum.

Nevertheless, the Supreme Court has made clear that an attorney's request for 25% of past-due benefits is not entitled to a presumption of reasonability; "the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Indeed, "§ 406(b) instructs courts to review for reasonableness fees yielded by [contingency] agreements." *Id*. at 809.

Courts of this Circuit are directed to begin their inquiry with the contingency agreement itself. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Such agreements are entitled to the same level of deference as any other contract reviewed by the Court. *Id*. Thus, this Court's primary focus is "on the reasonableness of the contingency agreement . . . not an hourly rate determined under lodestar calculations." *Id*.[1] The Court may reduce the fee award "*only* when it finds the amount to be unreasonable." *Id*. (emphasis added).

Here, both the agreement and amount requested are reasonable. Nothing in the record indicates the agreement was untoward or otherwise inapposite. Moreover, Plaintiff's Counsel achieved a satisfactory outcome for Plaintiff. In doing so, Counsel and supporting professionals devoted a total of 28.21 hours to this litigation[2]. *See* Plaintiff's Memorandum of Law at 4 n 2. Such is more than reasonable. *See Fields*, 24 F.4th at 854 (Second Circuit upholds $44,170.00 fee against $160,680.00 award where attorney spent 22.7 hours).

The statutory language is clear that fees shall be paid "out of, and not in addition to" past-due benefits. 42 U.S.C. § 406(b)(1)(A). To be sure, the Act "does not authorize the prevailing party to recover fees from the losing party. . . . It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802; *see also Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016) ("Social Security Act fees, whether for services before the [agency] or the court, are

[1] Nevertheless, the hourly rate sought by Plaintiff's Counsel here – $ 1,871.93 – is reasonable. *See* Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022) ($1,556.98 hourly rate reasonable on Social Security case).
[2] Plaintiff's Counsel submitted charts tracking time spent on this matter. *See* ECF No. 19-2. The hours worked have been reviewed by this Court and are reasonable.

the plaintiff's debt and not the government's."). As such, the fees awarded here are to be paid out of Plaintiff's past-due benefits.

Finally, where, like here, an attorney receives fees under EAJA and § 406(b), the attorney must refund the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. As such, Plaintiff's Counsel is directed to remit the $7,607.07 EAJA award to Plaintiff.

**CONCLUSION**

For the foregoing reasons, this Court respectfully recommends the District Court GRANT Plaintiff's motion. Fees should be paid out of Plaintiff's past-due benefits, and Plaintiff's Counsel should be directed to remit $7,607.07 in EAJA fees to Plaintiff.

**OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 19, 2026