**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Laini M. Luna,<br><br>Plaintiff,<br><br>-v-<br><br>Frank J. Bisignano,[1] *Commissioner of Social Security*,<br><br>Defendants. | 2:24-cv-03663 (NJC) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff initiated this action on May 21, 2024. (ECF No. 1.) On September 17, 2024, Plaintiff filed a motion for judgment on the pleadings. (ECF No. 7.) On October 2, 2024, the parties filed a joint motion to remand the action to the Social Security Administration, which this Court granted the following day. (ECF No. 9; Elec. Order, Oct. 10, 2024.) On January 22, 2025, the Court granted Plaintiff $7,607.07 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Clerk of Court entered Judgment in this case. (Elec. Order, Jan. 22, 2025; ECF No. 16.)

On October 12, 2025, following a successful review before an Administrative Law Judge, Plaintiff filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (ECF No. 18.) Defendant did not oppose the motion. This Court referred the unopposed Motion to Magistrate Judge Steven Tiscione. (Elec. Order, Oct. 15, 2025.)

On August 19, 2026, Judge Tiscione issued a Report and Recommendation

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Commissioner Frank Bisignano is automatically substituted for Martin O'Malley as Defendant in this action. *See* Fed. R. Civ. P. 25(d). The Clerk of Court is respectfully directed to update the case caption consistent with this substitution.

recommending that the Motion be granted in full, that Plaintiff be awarded $52,807.17 in attorneys' fees, and that counsel remit to Plaintiff the EAJA fee award of $7,607.07. (R&R, ECF No. 21.) A copy of the R&R was provided to all counsel via ECF on August 19, 2026. (*See id.*) The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (*Id*. at 3.) Consequently, the deadline to object to the R&R was September 2, 2026. The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the well-reasoned R&R's recommendation in its entirety, with additional reasoning provided below.

Plaintiff seeks an award of attorney fees of $52,807.17, which equals 25% of the back-due benefits that was awarded to Plaintiff upon remand to the SSA—the maximum amount allowed under the statute. *See* Mot. at 2–3; 42 U.S.C. § 406(b)(1). Judge Tiscione recommended granting the award upon determining that the award resulted in an hourly rate of $1,871.93 for approximately 28.21 hours of work by Plaintiff's counsel. (R&R at 2, n.1; *id*. at 2–3.) In support,

Judge Tiscione cites Second Circuit authority supporting an hourly rate of $1,556.98 in a similar SSA appeal. (*Id*. at 2, n.1 (citing *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022).) Importantly, in *Fields*, the Second Circuit reversed a district court's decision, which deemed an hourly rate of $1,556.98 for 25.8 hours of work to be a "windfall" and reduced fees to an hourly rate of $750. 24 F.4th at 852. The Second Circuit remanded the action with instructions to reinstate the $1,556.98 hourly rate. *Id*. at 854–57.

Here, counsel seeks a similar award for a similar amount of work completed—28.21 hours of attorney time compensated at an hourly rate of $1,871.93. (*See* ECF No. 19-2.) The factors present in *Fields* are similarly present here, including experienced and efficient counsel and client satisfaction. (*See* Mot. at 4–5.) Additionally, the calculated hourly rate does not incorporate an additional 5.21 hours of paralegal time as well as 47.57 hours of work by Plaintiff's counsel at the agency level, which included a rehearing before the Administrative Law Judge that resulted in a decision favorable to Plaintiff. (*See* ECF No. 19-2; Mot. at 5.) These facts further support the reasonableness of the award here.

Therefore, for the reasons articulated herein and by Judge Tiscione in the R&R, the Court deems the hourly rate reasonable and adopts the R&R in its entirety. Accordingly, Plaintiff's Motion for Attorneys' Fees (ECF No. 18) is granted in full. The Court awards Plaintiff $52,807.17 in attorneys' fees. Plaintiff's counsel must remit to Plaintiff $7,607.07 in EAJA fees.

Dated: Central Islip, New York
September 15, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAINI M. LUNA,

Plaintiff,

-against-

MARTIN O'Malley, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**REPORT & RECOMMENDATION**

2:24-cv-03663-NJC-ST

**TISCIONE, United States Magistrate Judge:**

Plaintiff, Laini M. Luna ("Plaintiff") won past due benefits from the Commissioner of Social Security ("Commissioner") before an Administrative Law Judge. On January 23, 2025, Plaintiff was awarded $7,607.07 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Plaintiff's Counsel now moves for fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("Act"). The Motion is unopposed. Judge Nusrat J. Choudhury referred the motion to this Court for a Report and Recommendation. For the reasons set forth below, the motion should be GRANTED.

**DISCUSSION**

In no uncertain terms, 42 U.S.C. § 406(b) declares that an award for attorney's fees shall not exceed "25 percent of the total amount of such past-due benefits." *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Here, Plaintiff and their Attorney entered a contingency agreement for 25% of past-due benefits. *See* Retainer Agreement ¶ A, ECF No. 19-1. Plaintiff won a favorable award before an Administrative Law Judge on July 25, 2025. *See* Eddy Pierre Pierre Declaration ¶ 10, ECF No. 19. Plaintiff's Counsel requests $52,807.17 in fees – precisely 25% of Plaintiff's total award. *Id.* ¶ 15. As such, the fee is within the statutory maximum.

Nevertheless, the Supreme Court has made clear that an attorney's request for 25% of past-due benefits is not entitled to a presumption of reasonability; "the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Indeed, "§ 406(b) instructs courts to review for reasonableness fees yielded by [contingency] agreements." *Id*. at 809.

Courts of this Circuit are directed to begin their inquiry with the contingency agreement itself. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Such agreements are entitled to the same level of deference as any other contract reviewed by the Court. *Id*. Thus, this Court's primary focus is "on the reasonableness of the contingency agreement . . . not an hourly rate determined under lodestar calculations." *Id*.[1] The Court may reduce the fee award "*only* when it finds the amount to be unreasonable." *Id*. (emphasis added).

Here, both the agreement and amount requested are reasonable. Nothing in the record indicates the agreement was untoward or otherwise inapposite. Moreover, Plaintiff's Counsel achieved a satisfactory outcome for Plaintiff. In doing so, Counsel and supporting professionals devoted a total of 28.21 hours to this litigation[2]. *See* Plaintiff's Memorandum of Law at 4 n 2. Such is more than reasonable. *See Fields*, 24 F.4th at 854 (Second Circuit upholds $44,170.00 fee against $160,680.00 award where attorney spent 22.7 hours).

The statutory language is clear that fees shall be paid "out of, and not in addition to" past-due benefits. 42 U.S.C. § 406(b)(1)(A). To be sure, the Act "does not authorize the prevailing party to recover fees from the losing party. . . . It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802; *see also Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016) ("Social Security Act fees, whether for services before the [agency] or the court, are

[1] Nevertheless, the hourly rate sought by Plaintiff's Counsel here – $ 1,871.93 – is reasonable. *See* Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022) ($1,556.98 hourly rate reasonable on Social Security case).
[2] Plaintiff's Counsel submitted charts tracking time spent on this matter. *See* ECF No. 19-2. The hours worked have been reviewed by this Court and are reasonable.

the plaintiff's debt and not the government's."). As such, the fees awarded here are to be paid out of Plaintiff's past-due benefits.

Finally, where, like here, an attorney receives fees under EAJA and § 406(b), the attorney must refund the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. As such, Plaintiff's Counsel is directed to remit the $7,607.07 EAJA award to Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends the District Court GRANT Plaintiff's motion. Fees should be paid out of Plaintiff's past-due benefits, and Plaintiff's Counsel should be directed to remit $7,607.07 in EAJA fees to Plaintiff.

## OBJECTIONS TO THIS REPORT AND RECOMMEDATION

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 19, 2026